IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| William Rupert, et al., | NO. C 10-02172 JW |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| Robert B. Atack, et al., | |
| Defendants. | |

William Rupert ("Rupert") and Carol Slater ("Slater") (collectively, "Plaintiffs"), appearing in *pro se*, bring this action against Defendants,[1] alleging, *inter alia*, violations of their First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants violated their constitutional right to judicial access and equal protection by denying entry of a post-trial motion in a state small claims court action.

Presently before the Court is Defendants' Motion to Dismiss.[2] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion.

---

[1] Defendants are Judge Robert B. Atack, Chief Justice Ronald M. George, Alex Calvo, Santa Clara County Superior Court Clerk, and Meghan Jean Arthur.

[2] (Defendants Chief Justice Ronald M. George's, Alex Calvo's and Meghan Jean Arthur's Notice of Motion and Motion to Dismiss Plaintiffs' Complaint, hereafter, "Motion," Docket Item No. 14.) Defendant Judge Robert B. Atack also joins the Motion to Dismiss. (See Docket Item No. 15.)

1  Defendants move to dismiss on the grounds that Plaintiffs' claims: (1) require review of a
2 state court judgment and, thus, are barred by the Rooker-Feldman doctrine; (2) are time-barred; (3)
3 against Chief Justice George are barred by absolute judicial immunity and collateral estoppel; (4)
4 against Clerk Calvo and Deputy Clerk Arthur are barred by quasi-judicial immunity; and (5) are
5 barred by the Eleventh Amendment. (Motion at 1.) Plaintiffs respond that dismissal is improper as:
6 (1) Plaintiffs do not seek a review or *de facto* appeal of a state court judgment; (2) their action was
7 commenced within two years following the alleged denial; (3) judicial immunity does not protect the
8 Chief Justice or Judge Atack who acted outside the scope of their jurisdiction; (4) quasi-judicial
9 immunity does not apply to non-judicial functions; and (5) the Eleventh Amendment does not bar
10 claims against officials acting outside the scope of their official duties.[3] As whether Plaintiffs'
11 action is barred by the Rooker-Feldman doctrine may be dispositive, the Court addresses this ground
12 first.

13  Under the Rooker-Feldman doctrine, a federal district court has no authority to review the
14 final determinations of a state court in judicial proceedings. Rooker v. Fidelity Trust Co., 263 U.S.
15 413, 415-16 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).
16 Instead, the proper court in which to obtain such review is the United States Supreme Court. 28
17 U.S.C. § 1257; Feldman, 460 U.S. at 476. The Rooker-Feldman doctrine precludes not only review
18 of decisions of the state's highest court, but also those of its lower courts. See Dubinka v. Judges of
19 Super. Ct., 23 F.3d 218, 221 (9th Cir. 1994). "The purpose of the doctrine is to protect state
20 judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d
21 1026, 1029 (9th Cir. 2001). A challenge under the Rooker-Feldman doctrine is a challenge for lack
22 of subject matter jurisdiction and may be raised at any time by either party or *sua sponte* by the
23 court. Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).

24  The Rooker-Feldman doctrine should be construed narrowly and is limited to situations
25 where a plaintiff alleges a *de facto* appeal by both asserting errors by the state court and seeking

---

[3] (Plaintiff William Rupert's & Plaintiff Carol Slater's Opposition to Defendants' Joint Motion to Dismiss at 5-14, hereafter, "Opp'n," Docket Item No. 20.)

2

relief from the state court judgment as a remedy. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). However, the Ninth Circuit has recently held that Rooker-Feldman may be applicable even where a plaintiff does not directly contest the merits of a state court decision. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). A court must examine whether the federal causes of action are "'inextricably intertwined' with the state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. . . ." Reusser, 525 F.3d at 859; see Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003).

Here, Plaintiffs allege that, following an adverse ruling by the state small claims court:

> [T]he plaintiffs prepared and submitted an extensive, joint post-judgment motion, attached to their Request to Correct or Cancel Judgment and Answer (Small Claims), on Judicial Council Form SC-108, on May 9, 2008. Unfortunately, Defendant ARTHUR refused to file the document, and it was only stamped received.[4]
> On May 14, 2008, Defendant ARTHUR left Plaintiff RUPERT a phone message telling him the Clerk's Office was treating the SC-108 Request as if it was "new litigation" (instead of the "continuing litigation" it really was), and would not file it without another order from the Presiding Judge. . . . (Complaint ¶ 37.) Accordingly, under protest, Plaintiff RUPERT submitted another Request And Order to File New Litigation By Vexatious Litigant, on May 19, 2008, wherein he pointed out, in writing, that the SC-108 Request to Correct or Cancel Judgment was merely post-judgment "continuing" litigation, as authorized by CCP § 116.725, not "new" litigation which required permission from the presiding judge. . . . (Id. ¶ 38.)
> On May 21, 2008, Defendant ATACK, in his administrative capacity as the Presiding Judge, in complete absence of jurisdiction to do so, denied permission to both Plaintiff RUPERT and Plaintiff SLATER, to continue the litigation in SS 07 0836, by arbitrarily and capriciously denying approval to both plaintiffs to file their joint SC-108 Request to Correct or Cancel Judgment. (Complaint ¶ 39.) Defendant ATACK signed the Order denying both Plaintiffs herein the permission to file their motion seeking post-judgment relief, on May 21, 2008. (Id.)

Further, Plaintiffs pray for relief in the form of: (1) damages in the amount that Plaintiffs were allegedly entitled to in the small claims court action; (2) declaratory relief that the provision of the California Vexatious Litigant statute allowing discretion to determine whether a filing is "new

---

[4] (Complaint for Damages, Declaratory Relief and Injunctive Relief for Violations of Civil Rights ¶ 36, hereafter, "Complaint," Docket Item No. 1.)

3

litigation" or "continuing litigation" is unconstitutionally vague; and (3) injunctive relief against enforcement of the allegedly vague provision. (Complaint ¶¶ A, D, E.)

Based on the allegations above, the Court finds that Plaintiffs' causes of action are inextricably intertwined with the procedural determination of the state court to deny Plaintiffs' post-trial motion and, thus, are barred by the Rooker-Feldman doctrine. To grant the relief sought by Plaintiffs, the Court would be required to review state court Judge Atack's ruling. Further, to grant Plaintiffs' prayed for relief would require the interpretation of state law, including California's Vexatious Litigant Statute, and the application of a state court's procedural determinations. Such review clearly runs afoul of the Rooker-Feldman doctrine prohibition on "horizontal review" of state court decisions by the federal courts. Rooker, 263 U.S. at 263. Finally, in so far as Plaintiffs challenge the constitutionality of the California Vexatious Litigant statute, the Ninth Circuit has definitively upheld the statutory scheme against a constitutional challenge for vagueness, including the specific provision challenged by Plaintiffs.[5] Thus, the Court finds that Plaintiffs' action seeks a review of an adverse state court determination and, as a lower federal court, this Court is barred by the Rooker-Feldman doctrine from such a review.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss without prejudice.[6] The Clerk shall close this file.

Dated: January 28, 2011

JAMES WARE
United States District Chief Judge

---

[5] Wolfe v. George, 486 F.3d 1120, 1125 (9th Cir. 2007) (upholding the statute and citing a long line of California court cases also upholding the scheme against similar constitutional challenges).

[6] A dismissal under the Rooker-Feldman doctrine is a dismissal for lack of subject matter jurisdiction and thus, should be dismissed without prejudice. See Kougasian, 359 F.3d at 1139; Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John P. Devine john.devine@doj.ca.gov

Carol Slater
Post Office Box 66403
Scotts Valley, CA 95067-6403

William Rupert
P.O. Box 66403
Scotts Valley, CA 95067-6403

**Dated: January 28, 2011**                    **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California